UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DUSTIN HEATHMAN,

    Plaintiff,

vs.                                            CASE NO. 5:14-cv-661-Oc-10PRL

CHRIS BLAIR, THOMAS BIBB,
MICHAEL DODD, RYAN ROBBINS,
CODY HOPPEL, ROY HAY, GREG
BICKSLER, JEFFREY BOYLES and
MARION COUNTY SHERIFF'S
OFFICE,

    Defendants.
_____/

## DEFENDANT, CODY HOPPEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, the Defendant, Cody Hoppel (hereinafter "Defendant Hoppel"), by and through his undersigned attorneys, and files this Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 seeking summary judgment on several of the Plaintiff's claims addressed below and in support thereof states as follows:

## GROUNDS FOR MOTION

1. The Plaintiff, Dustin Heathman (hereinafter "the Plaintiff"), has filed a civil complaint under 42 U.S.C. § 1983 against the Defendants alleging that his civil rights under the Fourteenth Amendment were violated when he was in custody as a pretrial detainee. (Doc. 1, Sec. V.) Specifically, the Plaintiff alleges that the Defendants:

    1. brutally attacked him under color of law[1]

    2. failed to protect[2]

    3. failed to investigate

    4. failed to file a report

(Doc. 1, Sec. V.)[3]

2. Defendant Hoppel is not moving for summary judgment on the Plaintiff's excessive force claim under the Fourteenth Amendment.

3. Defendant Hoppel moves for partial summary judgment on the following claims alleged in the Plaintiff's Complaint:

    a. failed to protect

    b. failed to investigate

    c. failed to file a report

The Plaintiff cannot prove these three claims based upon the summary judgment evidence in the record, and therefore, Defendant Hoppel is entitled to partial summary judgment as a matter of law.

4. This action arises out of events that transpired on June 1, 2014.

5. At all times material to the complaint, Defendant Hoppel was employed as a sworn law enforcement officer for the Marion County Sheriff's Office and was acting in the course and scope of his employment under color of law.

6. A copy of the deposition transcript of the Plaintiff has been filed as an Exhibit.

---

[1] This appears to be an excessive force claim.
[2] This appears to be a claim for failure to intervene.
[3] Because the Plaintiff did not delineate which claims applied to each of the eight Defendants, Defendant Hoppel, for purposes of this Motion, assumes that all of the claims apply to him.

I.      **Material Facts**

The incident in this case occurred on June 1, 2014 after a five hour standoff between law enforcement and the Plaintiff. (Plaintiff Depo 64:5). During that time, the Plaintiff fired numerous times in the direction of law enforcement officers with an AK-47 machine gun. (Plaintiff Depo 48:13-16; 53:15-19; 95:5-20). Right before the officers took the Plaintiff into custody, the Plaintiff was close enough to the officers to tell them that they were violating their oaths. (Plaintiff Depo 64:10). The Plaintiff then felt his arm being grabbed by one of the officers. (Plaintiff Depo 64:11-12). Once the Plaintiff's arm was behind his back, he felt a blow to his right eye causing him to fall to the ground. (Plaintiff Depo 64:12-20). After the Plaintiff was on the ground, he received several more blows to his face and head. (Plaintiff Depo 64:21-24). The Plaintiff could not give a number as to how many times he was hit while on the ground. (Plaintiff Depo 65:21-23). The Plaintiff was then picked up and thrown into the Bearcat armored vehicle. (Plaintiff Depo 66:16-17). The time from when the Plaintiff was first punched to when he thrown inside the Bearcat armored vehicle was "probably 10, 15 seconds, maybe 20 seconds." (Plaintiff Depo. 69:12-20). Inside the Bearcat, someone put their knee on the Plaintiff's face three to six times. (Plaintiff Depo. 118:14-20). The Plaintiff is not sure how long the incident inside the Bearcat lasted. (Plaintiff Depo 70:2-8). However, the Plaintiff described the incident inside the Bearcat as only long enough to back out the Bearcat and transfer him to a patrol vehicle, and that the back doors of the Bearcat were never shut. (Plaintiff Depo 70:6-8).

## II. Standard

### a. Summary Judgment Standard

Pursuant to Federal Rules of Civil Procedure, Rule 56(a), a party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Although the moving party has the burden of establishing that there is no genuine issue of material fact, so long as the non-moving party has had ample opportunity to conduct discovery, the non-moving party must come forward with affirmative evidence to support his claim. *See Celotex v. Catrett*, 477 U.S. 317, 326 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F. 2d 1573, 1577 (11th Cir. 1990).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings, and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324-25. Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. General Motors Corp.*, 770 F.2d 984, 986

(11th Cir. 1985); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). The court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, however the court is not required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994).

### b. Analysis Under the Fourteenth Amendment

The Plaintiff alleges that the claim began the "moment [he] was handcuffed and in custody as a pretrial detainee" and alleges that this is a claim under the Fourteenth Amendment. (Doc. 1, Sec. V.) "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause[.] *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). "The precise point at which a seizure ends (for purposes of Fourth Amendment coverage) and at which pretrial detention begins (governed until a conviction by the Fourteenth Amendment) is not settled in this Circuit." *Hicks v. Moore*, 422 F.3d 1246, 1253 n.7 (11th Cir. 2005). In *Nasseri v. City of Athens*, because the plaintiff "filed his claim solely under the Fourteenth Amendment" and "specifically identified himself as a pre-trial detainee," the court ruled that it would "consider the claim only under the Fourteenth Amendment." 373 Fed. Appx. 15, 17 n.2 (11th Cir. 2010). Therefore, this Court should consider the Plaintiff's claims under the Fourteenth Amendment.

### III. Defendant Hoppel is Entitled to Summary Judgment on the Claim of Failure to Protect

The Plaintiff asserts a claim against all of the Defendants for "failure to protect," but did not separately allege that Defendant Hoppel is liable to him for failing to

intervene. To the extent that this Court is willing to construe the Plaintiff's Complaint to state such a claim, partial summary judgment would still be appropriate. "[A]n officer can be liable for failing to intervene when another officer uses excessive force." *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000). "This liability, however, only arises when the officer is in a position to intervene and fails to do so." *Id*; See *Prosper v. Fla. Dep't of Corr*., 2010 U.S. Dist. LEXIS 31448 (N.D. Fla. Feb. 24, 2010) ("liability for failing to intervene arises only when the officer is in a position to intervene and fails to do so.") The Plaintiff cannot show that Defendant Hoppel had enough time to intervene when the Plaintiff was struck outside the Bearcat. (Plaintiff Depo. 69:12-20). There was no opportunity for Defendant Hoppel to intervene because the alleged incident occurred too rapidly. See *Brown v. City of Huntsville*, 608 F.3d 724, 740 n.25 (11th Cir. 2010) ("Because the relevant events happened so quickly, the record does not reflect any point at which [first officer] could have intervened to prevent [second officer's] use of force …[First officer] accordingly is not liable for failure to intervene…"). The undisputed evidence is that the alleged incident occurred rapidly, within a matter of seconds. (Plaintiff Depo. 69:12-20). The Plaintiff even admits that it was a very quick situation. (Plaintiff Depo. 69:21-23). Additionally, the Plaintiff is unable to state how long the incident inside the Bearcat lasted. (Plaintiff Depo 70:2-8). He can only state someone put their knee on his face three to six times, and that the time inside the Bearcat was only long enough to back out to transfer him to a patrol vehicle. (Plaintiff Depo. 118:14-20; Plaintiff Depo 70:2-8). Based on the undisputed evidence Defendant Hoppel cannot be held liable for failing to intervene because he "had no

reasonable opportunity to protect [plaintiff], and the obligation to take steps to protect him never arose." *Riley v. Newton*, 94 F.3d 632, 635 (11th Cir 1996).

### IV. **Defendant Hoppel is Entitled to Summary Judgment on the Claim of Failure to Investigate**

The Plaintiff alleges in his Complaint that the Defendants failed "to investigate how [he] was beaten." (Doc. 1, Sec. V.) While the Plaintiff did not separately allege that Defendant Hoppel is liable to him for a failure to investigate, if this Court is willing to construe the Complaint to state such a claim, partial summary judgment would still be appropriate. The Eleventh Circuit in *Vinyard v. Wilson* found that an "alleged failure to investigate an excessive force complaint does not violate [plaintiff]'s due process rights." 311 F.3d 1340, 1356 (11th Cir. 2002). Additionally, the court could not find "any federal or state court decision, statute, regulation or other source of law that gives [plaintiff] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality." *Id.* Because there is no preexisting authority that clearly establishes that a failure to investigate violates the Plaintiff's due process rights under the Fourteenth Amendment, this Court should grant summary judgment on the claim for failure to investigate.

### V. **Defendant Hoppel is Entitled to Summary Judgment on the Claim of Failure to File a Report**

The Plaintiff alleges in his Complaint that "no reports were filed by any of [the Defendants] and that under the Fourteenth Amendment, the Defendants failed to file a report. (Doc. 1, Sec. V.) The Plaintiff did not separately allege that Defendant Hoppel is liable to him for failing to file a report. Should this Court be willing to construe the

Complaint to state such a claim, partial summary judgment would still be appropriate. While the Plaintiff does not cite to any agency policy or any state statute, the Plaintiff appears to be referring to a procedural requirement. In *Austin v. City of Montgomery*, the plaintiff alleged that the defendants' violation of a state statute that "impose[d] a purely procedural requirement upon an investigating law enforcement officer to file a report" was a basis for a §1983 due process claim. 353 Fed. Appx. 188, 191 (11th Cir. 2009). But the court ruled that a "violation of a state statute that does not create a liberty or property interest cannot be the basis for a due process claim." *Id.* Because the Plaintiff does not have any constitutionally protected interest in whether Defendant Hoppel filed a report, this Court should grant summary judgment on the claim of failure to file a report.

## CONCLUSION

Defendant Hoppel respectfully requests that this Court enter an Order granting this Motion for Partial Summary Judgment as to the Plaintiff's claims of failure to protect, failure to investigate, and failure to file a report.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following: **John M. Green, Jr.**, John M. Green, Jr., P.A., 125 N.E. First Avenue, Suite 2, Ocala, Florida 34470, Attorneys for Defendants, Chris Blair, as Sheriff of Marion County, Florida, Thomas Bibb, Michael Dodd, Ryan Robbins, and Greg Bicksler; **Jason Vail, Esquire,** Jolly, Peterson & Truckenbrod, P.A., Post Office Box 37400, Tallahassee, FL 32315, Attorney for Roy Hay; and **Robert M. Stoler, Esquire,** Stoler

Russell Keener Verona, P.A., 201 North Franklin Street, Suite 3050, Tampa, FL 33602, Attorney for Jeffrey Boyles. I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: **Dustin Heathman**, #0108370, Marion County Jail, 700 NW 30th Avenue, Ocala, Florida 34475, Plaintiff, on the 7th day of December, 2015.

    /*S*/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Damon S. Starrett, Esquire
Fla. Bar No. 36600
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile: 407-841-8431
E-Mail: bbogan@hilyardlawfirm.com
E-Mail: dstarrett@hilyardlawfirm.com
Attorneys for Defendant Cody Hoppel