UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DUSTIN HEATHMAN,

                Plaintiff,

-vs-                                        Case No. 5:14-cv-0661-Oc-10PRL

CHRIS BLAIR,
in his official capacity as
Sheriff of Marion County, et. al.,

                Defendants.
_____/

## MOTION TO STRIKE DEFENDANT BOYLES' AFFIRMATIVE DEFENSES

Plaintiff, DUSTIN HEATHMAN (hereinafter "HEATHMAN"), by and through his undersigned counsel, files this, his Motion to Strike Defendant BOYLES' Affirmative Defenses pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure, and states as follows:

1. Defendant BOYLES filed his Answer and Affirmative Defenses to the Amended Complaint on May 27, 2016.

2. Defendant BOYLES' Answer purports to contain affirmative defenses to the allegations of the Amended Complaint.

3. The affirmative defenses listed by Defendant BOYLES are either legally insufficient or are *actual* defenses and not affirmative defenses. As such, they must be stricken.

4. The party raising an affirmative defense:

> "must do more than make conclusory allegations. Where the affirmative defenses are no more than bare bones conclusory allegations, [they] must be stricken. By its very definition, [a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance. Thus, a defense which simply points out

a defect or lack of evidence in a plaintiff's case is not an affirmative defense. Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."

<u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (internal quotations omitted) (citations omitted).

5. Further, "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense. Neither is a defense that denies an allegation in the plaintiff's complaint. [A] a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. When confronted with the latter, courts will strike the denial for failure to state an affirmative defense." <u>Perlman v. Wells Fargo Bank, N.A.</u>, 10-81612-CV, 2014 WL 4449602, at *2 (S.D. Fla. 2014) (internal quotations omitted) (citations omitted).

6. Defendant BOYLES' First, Second, Third, Fifth, and Sixth Affirmative Defenses attack HEATHMAN's prima facie case and/or deny allegations in the Amended Complaint. Therefore, they are not affirmative defenses, but *actual* or *negative* defenses, and as such should be stricken.

7. Defendant BOYLES' Fourth, Seventh, Eighth, and Ninth Affirmative Defenses lack specificity and are merely conclusory statements, and therefore must be stricken.

WHEREFORE, Dustin Heathman respectfully requests that this Court strike these Affirmative Defenses from Defendant BOYLES' Answer, and grant any and other such relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Local Rule 3.05, a true and correct copy has been furnished via electronic mail to interested parties on the attached service list on this 22 day of June 2016.

                    **COLLINS, BROWN, BARKETT,**
                    **GARAVAGLIA & LAWN, CHARTERED**
*Counsel for Plaintiff*
756 Beachland Boulevard
Vero Beach, FL 32963
Telephone (772) 231-4343
Facsimile (772) 234-5213
Primary E-mail: AJRule2516@verolaw.com
Primary E-mail: JBarkett@verolaw.com
Secondary E-mail: AJohnson@verolaw.com
Secondary E-mail: TWoods@verolaw.com

_____
**AARON V. JOHNSON, ESQ.**
Florida Bar No.: 618098

**COUNSEL E-SERVICE LIST:**
Bruce R. Bogan
Hilyard, Bogan & Palmer, P.A.
PO Box 4973
Orlando, FL 32802
407/425-4251
407/841-8431 (fax)
bbogan@hilyardlawfirm.com
Counsel for Cody Hoppel (Defendant)

John M. Green, Jr.
Linda LeVines Winchenbach
John M. Green, Jr., PA
125 NE 1st Ave, Suite 2
Ocala, FL 34470-6675
352/732-9252
888/545-7282 (fax)
jmgjr@mac.com
lwinchenbach@me.com
Counsel for Greg Bicksler (Defendant)

Robert C. Shearman
Henderson, Franklin, Starnes & Holt, PA
PO Box 280
Ft Myers, FL 33902-0280
239.344.1346
Fax: 239.344.1501
robert.shearman@henlaw.com
courtney.ward@henlaw.com
Counsel for Marion County Sheriff's Office

Joel R. Mohorter
Robert M. Stoler
Stoler, Russell, Keener & Verona
201 N Franklin St, Ste. 3050
Tampa, FL 33602-5820
813/609-3200
813/443-0890 (fax)
jmohorter@stolerrussell.com
rstoler@stolerrussell.com
Counsel for Jeffrey Boyles (Defendant)

Jason Vail
Jolly, Peterson & Truckenbrod, P.A.
PO Box 37400
Tallahassee, FL 32315-7400
850-422-0282
850-422-1913 (fax)
ejv@jollylaw.com
Counsel for Roy Hay (Defendant)

Bruce Jolly
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 East Sunrise Blvd., Suite 1216
Fort Lauderdale, FL 33304
bruce@purdylaw.com
susie@purdylaw.com
Counsel for Chris Blair (Defendant)

Andrew DeBevoise
DeBevoise & Paulton, P.A.
1035 S. Semoran Blvd., Ste. 1010
Winter Park, FL 32792
debevoise@debevoisepoulton.com
Counsel for Ryan Robbins (Defendant)

Jeanelle Bronson
Grower, Ketcham, Rutherford & Bronson
P.O. Box 538065
Orlando, FL 32853
jgbronson@growerketcham.com
Counsel for Thomas Bibb and Michael Dodd (Defendants)