**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**DUSTIN HEATHMAN,**

    **Plaintiff,**

v.                                                       **Case No: 5:14-cv-661-Oc-10PRL**

**S.S. BUGGS, et al.,**

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motions to Strike Affirmative Defenses. Upon due consideration, Plaintiff's Motions (Docs. 104-106, 108-113) are **DENIED without prejudice**. Plaintiff failed to comply with Local Rule 3.01(g), which requires the moving party to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. Plaintiff's counsel did not include any such statement in the motions.

The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention. <u>Desai v. Tire Kingdom, Inc.</u>, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Indeed, Defendant Hoppel, through counsel, argues that had Plaintiff's counsel conferred prior to filing the motion to strike, the issues possibly could have been resolved or Defendant Hoppel could have amended the affirmative defenses if necessary. (Doc. 116). Defendant Hoppel contends that the Motion to Strike should be denied because of the failure to confer. <u>Id.</u> Likewise, Defendant Bicksler, through counsel, also states that Plaintiff failed to comply with the local rule requirement.

The parties are encouraged to confer in an effort to resolve the outstanding dispute. If a dispute regarding the Answer and Affirmative Defenses remains unresolved, then upon verification of such conference, Plaintiff's counsel may file a renewed motion(s) after correcting the noted deficiencies.

**DONE AND ORDERED** at Ocala, Florida, this 1st day of August 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge